H. BRADFORD RICHMOND, TRADING AS STRAND HOTEL, PROSECUTOR, v. KATHERINE SCHEIDELL, RESPONDENT.

Submitted October term, 1929—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Thompson & Hanstein.*

For the respondent, *Albert A. F. McGee.*

PER CURIAM.

This case arose as a death action under the Workmen's Compensation act (*Pamph. L.* 1911, *ch.* 95, its amendments and supplements) and is before us on a rule to show cause why a writ of *certiorari* should not issue at the instance of the employer, H. Bradford Richmond, trading as Strand Hotel, to review the judgment in favor of Katherine Scheidell, the deceased employe's widow and dependent.

The workmen's compensation bureau, after hearing the testimony, entered an order granting the compensation appropriate in such instance. On an appeal therefrom by the employer, the Atlantic County Court of Common Pleas likewise found for the petitioner and directed that the appropriate compensation payments be made. Application was made to the Supreme Court justice presiding in Atlantic

county for the issuance of a writ of *certiorari,* which application was denied.

The prosecutor contends, first, that the Supreme Court has power to review the facts, and, second, that the testimony does not establish that the decedent died as the result of an accident.

The Workmen's Compensation act, in its original form (*Pamph. L.* 1911, *p.* 141, § 18), provided for a trial of the disputed facts and declared that the decision of the trial judge should be conclusive and binding as to all questions of fact. There followed a line of cases, headed by *Hulley* v. *Moosbrugger,* 88 *N. J. L.* 161, holding that such a determination of facts was conclusive on appeal. In 1921 (*Pamph. L.* 1921, *ch.* 230) paragraph 18 of the Workmen's Compensation act was amended and the above-mentioned provision was omitted. Contemporaneously therewith chapter 229 of the Pamphlet Laws of 1921 amended paragraph 19 of chapter 149 of the Pamphlet Laws of 1918 (a supplement to the Workmen's Compensation act) providing that nothing therein contained "shall be construed as limiting the jurisdiction of the Supreme Court to review questions of law and fact by *certiorari."* The *Certiorari* act (1 *Comp. Stat., p.* 405) provides that in all cases of writs of *certiorari* to review the proceedings of any special tribunal the court shall determine disputed questions of fact as well as of law. However, it has been held that where two independent and distinct tribunals have examined the facts and heard the testimony, a conclusion so reached should not be lightly disturbed by this court. *Mountain Ice Co.* v. *Durkin,* 6 *N. J. Mis. R.* 1111; *affirmed, October* 14th, 1929, 7 *N. J. Adv. R.* 1152.

In the instant case there was testimony that the decedent was in the employ of the prosecutor as a painter; that on February 27th, 1928, he was specifically engaged in painting a bathroom in the prosecutor's hotel; that incident to such work he had a stepladder to reach the higher portions of the room; that at about half past two decedent, with his foreman, returned from their lunch and from doing some work in the shop and reassumed labor in the hotel structure,

the decedent going in the bathroom and his foreman in the adjoining room. At ten minutes to three the foreman entered the bathroom and found the decedent unconscious and in a slumped condition on the stepladder. There was medical testimony that the man was in a comatose condition, completely unconscious, with a hematoma or bloody tumor about the size of an egg at the back of his head, a black and blue spot on the right side of the head, contusions all over the spine reaching from the neck nearly to the end of the spine and bleeding from the ·back of the throat. The examining physician, as a result of his observation and experience, testified that there was no doubt that there was a fracture at the base of the skull resulting in a traumatic cerebral hemorrhage that caused death on March 4th, 1928.

We think that, with such supporting testimony and with the affirmative finding of two tribunals, the results heretofore reached should not be disturbed and that there is not a

The writ will be denied and the rule discharged, with costs. justification for the issuing of the writ.